IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WALTER FLEMINGS, #555424, | § | |
|       Petitioner, | § | |
| | § | |
| v. | § | 3:09-CV-1581-M |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Div., | § | |
|       Respondent. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is currently confined at the Estelle Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Huntsville, Texas. Respondent is the Director of TDCJ-CID. The court did not issue process in this case, pending preliminary screening.

Statement of Case: Petitioner does not challenge the validity of his underlying criminal convictions and sentences. Rather, he seeks to attack a prison disciplinary violation, number 20090128734, which he received at the Beto One Unit in Tennessee Colony, Texas. (Federal

Petition (Pet.) at ¶ 17). On January 22, 2009, Petitioner was found guilty of participating in a riot. Punishment was assessed at 45 days of recreation and commissary restrictions, reduction in class from S-3 to L-1, and forfeiture of 730 days of good-time credits. (*Id.* at ¶ 18). Petitioner exhausted his administrative remedies with regard to his disciplinary violation prior to filing this action. (*Id.* at ¶ 19 and attachments thereto).

In his timely petition for a writ of habeas corpus, Petitioner raises six grounds for habeas relief. He challenges the sufficiency of the evidence, his confinement in pre-hearing detention, the denial of a timely hearing, the impartiality of the disciplinary hearing officer, the denial of requested witnesses, and the stopping of the recorder during the disciplinary hearing.[1]

Findings and Conclusions: The present petition is subject to summary dismissal pursuant to Rule 4, of the Rules Governing Section 2254 Proceedings. That Rule provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner is not entitled to habeas relief. Prisoners charged with rule violations are entitled to certain due process rights under the Fourteenth Amendment when the disciplinary action results in a sanction that will impinge upon a liberty interest. *See Sandin v. Conner*, 515

---

[1] In disciplinary proceedings, the one-year period starts from date on which Petitioner was found guilty of the violation and learned of the loss of good time credits, although tolling is allowed during the pendency of administrative grievance proceedings. *See Kimbrell v. Cockrell*, 311 F.3d 361 (5th Cir. 2002).
   Because Petitioner was convicted in Dallas County, *see infra*, jurisdiction is proper in this court. *See* 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000) (jurisdiction in prison disciplinary cases is proper in either the district where the prisoner is in custody or the district in which the state court convicted and sentenced him).

U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995) (holding that a prisoner's liberty interest is "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."). In Texas, only sanctions that result in the loss of good-time credits for inmates who are eligible for release on mandatory supervision, or that otherwise directly and adversely affect release on mandatory supervision impinge upon a protected liberty interest, that is, a constitutional expectancy of early release. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000).

Petitioner is not eligible for release to mandatory supervision on his 1990 convictions for murder and aggravated robbery with a deadly weapon, for which he was sentenced to fifty and ninety-nine years imprisonment in Dallas County, Texas. While he fails to identify the cause numbers upon which he is presently confined within TDCJ, *(see* Pet. at ¶ 1-4), the court takes judicial notice of the attached Offender Information Detail, available on the TDCJ website.

The mandatory supervision statute in effect in 1989, when Petitioner committed the above offenses, provided that "an inmate may not be released to mandatory supervision if the inmate is serving a sentence for ... "a first degree felony under Section 19.02, Penal Code (Murder)" and "a first degree felony under Section 29.03, Penal Code (Aggravated Robbery)." *See* Tex. Crim. Proc. art. 42.18 § 8(c)(1) and (c) (11) (West 1990).[2] Since Petitioner is ineligible for mandatory-supervised release, the loss of good time credits in disciplinary case number

---

[2] Texas revised statute also excepts from mandatory supervision individuals convicted of murder and aggravated robbery. *See* Tex. Govt Code § 508.149(a)(2) and (a)(12) (West 2009).

20090128734 does not implicate a protected liberty interest. *Kimbrell,* 311 F.3d at 362; *Malchi,* 211 F.3d at 956-58.

The same holds true with regard to reductions in line-class status or cell/commissary restrictions. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (commissary and cell restrictions do not impose a significant or atypical hardship on the inmate in relation to the ordinary incidents of prison life); *Luken v. Scott,* 71 F.3d 192, 193 (5th Cir. 1995) (reductions in line-class status do not implicate due process concerns). Nor does the expectation for release on parole implicate a protected liberty interest. *See Madison*, 104 F.3d at 768 (holding that because it is entirely speculative whether a Texas prisoner will be released on parole, there is no constitutional expectancy to parole in Texas).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be summarily DISMISSED pursuant to Rule 4, of the Rules Governing § 2254 proceedings.

Signed this 23rd day of November, 2009.

_WM. F. Sanderson, Jr._
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific

finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

ATTACHMENT